UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23159-Civ-WILLIAMS

CHARLES MARTIN,

    Plaintiff,

vs.

CREATIVE MANAGEMENT GROUP,
INC., CMG HOLDINGS, INC., ALAN
MORELL, MICHAEL VANDETTY
And JIM ENNIS,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration [D.E. 60]. For the reasons laid out below, Plaintiff's Motion is DENIED.

### I. BACKGROUND

On June 22, 2011, Judge Patricia Seitz granted Defendants' Motions to Dismiss as to Defendants CMG Holdings, Inc., Alan Morell, Michael Vandetty and Jim Ennis (the "June Order").[1] [D.E. 50]. In her Order, Judge Seitz found that the Complaint was a "shotgun pleading" that failed to allege sufficient facts to support the claims alleged. *Id.* But because Plaintiff set forth additional facts in his Response to the Motion to Dismiss, Judge Seitz granted leave to amend. *Id.* Plaintiff was ordered to file an amended complaint by July 8, 2011. *Id.*

---

[1] Defendant Creative Management Group filed an Answer and Affirmative Defenses to the Complaint [D.E. 11] and was never the subject of any motion to dismiss.

1

However, Plaintiff did not file his Amended Complaint until July 11, 2011. [D.E. 53] and Defendants moved to strike the Amended Complaint because it was not filed in compliance with Judge Seitz's deadlines [D.E. 54]. Plaintiff filed a response in opposition, to which he attached a certification of counsel explaining the delay: the Plaintiff's counsel who was admitted *pro hac vice* believed that he could file motions via the Court's electronic system. [D.E. 55-1]. Thus, while he argues that he attempted to file the complaint in a timely fashion--having waited until the last day to timely file--he was unable to do so. Because he was unable to file papers with the court's system, he was unable to file a motion for extension of time. *Id.* Moreover, when contacted, local counsel advised that he was "not in town." *Id.* Owing to this "Catch-22," Plaintiff asked the Court to excuse its default and allow the Amended Complaint to be filed.[2] Judge Seitz did not find Plaintiff's excusable neglect argument compelling and struck the Amended Complaint on September 2, 2011. [D.E. 57]. The case was transferred to the undersigned on September 9, 2011. [D.E. 58]. Plaintiff filed his Motion for Reconsideration on September 30, 2011 [D.E. 60] and filed his Notice of Appeal on October 3, 2011. [D.E. 61].[3]

---

[2] Though Plaintiff discusses the excusable neglect standard in his Motion for Reconsideration, he failed to do so in his Response to Defendants' Motion to Strike.

[3] Typically, the filing of a proper notice of appeal "confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal." *In re Walker*, 515 F.3d 1204 (11th Cir. 2008)(citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, under the Federal Rules of Appellate Procedure, the notice of appeal is effective when an order is entered disposing of certain motions, including a Motion for Relief under Rule 60. Fed. R. App. P. 4(a)(4)(B). Additionally, the Court is assured of its jurisdiction over the instant Motion because of Plaintiff's Notice of the letter he received from the United States Court of Appeals for the Eleventh Circuit, which he filed with this Court on December 15, 2011, which states that "the effectiveness of the notice [of appeal] is suspended until the motion is disposed of." [D.E. 64].

2

The Plaintiff moves for reconsideration of Judge Seitz's Order Striking the Amended Complaint pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) lists grounds for relief from a final judgment or order, including mistake, inadvertence, surprise or excusable neglect; fraud, misrepresentation or misconduct by the opposing party; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (3), (6).[4] "In order to obtain relief under Rule 60(b), a party 'must prove some justification for relief.' He 'cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order.'" *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 Fed.Appx. 772, 778 (2008)(quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

The Plaintiff urges this Court to find that his neglect in failing to timely file his complaint was excusable. In examining a claim for excusable neglect under Rule 60(b), courts consider four factors: "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993)). The Eleventh Circuit has held that "miscommunication or clerical error constitutes excusable neglect; attorney's failure to understand plain language of the rule does not." *Id.* (discussing *Advanced Estimating*

---

[4] The Court has doubts that the Order is "final" order as it does not resolve "all claims of all parties," but has in an abundance of caution reviewed the merits of the motion. *See Denson v. United States*, 574 F.3d 1318, 1335 n. 52 (11th Cir. 2009).

3

*Sys., Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997)). Here, Plaintiff's argument is unavailing because the neglect falls into the second category. The Local Rules of this Court very clearly state that permission to appear *pro hac vice* (which Plaintiff's counsel was granted here) "shall not constitute formal admission or authorize the attorney to file documents via CM/ECF." Local Rule 4(b)(1). Plaintiff's counsel was on notice of both the deadline to file the amended complaint and the rule requiring an admitted attorney to file all documents with the Court. Plaintiff's Motion for Reconsideration is therefore DENIED.

DONE AND ORDERED in Chambers, at Miami, Florida, this 30th day of December, 2011.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE